IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTH STAR ALASKA HOUSING CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2699C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STAY PROCEEDINGS
AND IN CAMERA SUBMISSION OF SUPPORTING AFFIDAVIT

Defendant respectfully requests that the Court stay proceedings in this case upon the grounds that continued litigation of this matter would interfere with the criminal investigation of North Star Alaska Housing Corporation. In support of this motion, we submit the enclosed declaration for in camera consideration by the Court.

We were unable to file this motion at an earlier date due to difficulties in coordination and communication which preceded the holidays. The investigator, Mr. Cape, experienced substantial travel regarding a number of cases at that time. He also suffered some illness over the holidays. In addition, defendant's counsel has experienced a medical condition which has restricted him to working from home. That medical condition seriously worsened and placed defendant's counsel in a hospital just prior to Christmas. Unfortunately, agency counsel also experienced a serious medical condition which placed her in a hospital near the same time. These complications substantially delayed our coordination of this motion. The investigator, however, remains mindful of the need for continued progress in the investigation, and its resolution as soon as reasonably possible. The delay that we experienced has unfortunately resulted in our bringing this motion just prior to the date upon which our answer is due. We

apologize for any inconvenience to the Court. We respectfully request that we be allowed to file our answer, if necessary, following the Court's ruling upon this motion.

I. Ihis Case Specifically Relates To The Allegations In The Prior Complaints

This Court has previously stayed case no. 98-168C and case no. 02-1632C. This case presents only additional incidences of the allegations in North Star's prior complaints. The following short synopsis of the relation between this complaint and the prior complaints demonstrates that this case should be stayed with case no. 98-168C and case no. 02-1632C.

Count I. Carpet Replacement in Unit 884

The contracting officer final decision concerning unit 884 carpet replacement interprets section E of the lease that requires North Star to match replaced carpet with the existing carpet to ensure the aesthetic requirements of section E of the lease. This count, and the contracting officer final decision which it appeals, relates to complaint 02-1632C, paragraphs 38-47 (Government failure to issue work authorizations for correction of occupant-caused damages), 63 (wrongful rejection of North Star's change of occupancy maintenance) and paragraph 49(c) in complaint 98-168C (bad faith determination of responsibility for replacement of tenant-damaged floor coverings).

Count II. Interior Painting in Unit 704

The contracting officer final decision concerning interior painting of unit 704 directed North Star to perform a complete interior painting of that unit in November of 2002. This decision relied upon an interpretation of section E.8.(D.) of the lease, which provides that a unit will receive a complete interior painting at the first change of occupancy occurring subsequent to every third year anniversary of the lease. This count, and the contracting officer final decision

which it appeals, present an issue of contract interpretation which relates to complaint 02-1632C, paragraph 63 (wrongful rejection of North Star's change of occupancy maintenance).

Count III. Carpet and Vinyl Replacement in Unit 833

The contracting officer final decision regarding the replacement of carpet and vinyl in unit 833 directed the replacement of all carpet, as well as the vinyl in the laundry room in that unit. The condition of the carpet in this unit warranted replacement due to normal wear and tear and failure of past repairs. This count, and the contracting officer final decision which it appeals, relates to complaint 02-1632C, paragraphs 38-47 (bad faith refusal to authorize work repair of occupant damage) and 98-168C, paragraph 49(c) (bad faith in determination of responsibility for occupant damaged floor coverings).

Count IV. Reimbursement for Light Fixture in Unit 1029

This contracting officer final decision concerned the replacement of one of two matching light fixtures in the kitchen of unit 1029. The replacement was due to occupant damage and was to be work authorized by the Government. North Star's bill for the light fixture replacement far exceeded the cost of an available light fixture that was substantially the same as the original. Based upon lease section E, which provides that all replacements shall be of like kind, matching the existing design, the contracting officer final decision found the Government not responsible for the difference in price between the existing type of fixture and North Star's upgrade. This count, and the contracting officer final decision it appeals, relates to complaint 02-1632C, paragraphs 38-47 (wrongful failure to work authorize occupant caused damage) and complaint 98-168C, paragraph 49(c) (bad faith in determination of responsibility for occupant damaged floor coverings).

Count V. Corrections of Vinyl of Units 1090 and 1111

The Government directed replacement of the vinyl in the master bath and upstairs hall bath of unit 1090 due to cracks present in the vinyl. North Star failed to replace the vinyl as directed, instead performing repairs. Based upon section E.2.(b)(4) of the lease, which requires that vinyl floor coverings be free of cracks, and section C.2(a) that assigns the Government the responsibility to determine what repairs are acceptable, the contracting officer final decision found that the replacement of the vinyl was required.

North Star was initially directed to replace the vinyl in the hall bathroom and master bathroom in unit 1111. However, sometime prior to issuance of the unit for maintenance, this requirement was dropped and North Star was not required to replace this vinyl. North Star proceeded to replace the vinyl without benefit of a work authorization or proper direction from the Government representative. The contracting officer final decision regarding the replacement of vinyl in unit 1111 found that North Star did not have the authority to determine work required due to occupant damage.

Count III, and the contracting officer final decision regarding the replacements in units 1090 and 111 which it appeals, relate to complaint 02-1632C, paragraphs 38-47 (wrongful failure to work authorize occupant caused damage), 55 (work authorizations do not reflect damage recorded on inspection forms), 63 (wrongful rejection of North Star's maintenance on units) and complaint 98-168C, paragraph 49(c) (bad faith in determination of responsibility for occupant damaged floor coverings).

Count VI. Vinyl Replacement in Unit 633

The contracting officer final decision regarding the replacement of all of the vinyl in unit 633 required the replacement due to normal wear and tear. This count, and the contracting

officer final decision which it appeals, relates to complaint 02-1632C, paragraphs 38-47 (wrongful failure to authorize occupant caused damage) and complaint 98-168C, paragraph 49(c) (bad faith in determination of responsibility for occupant damaged floor coverings).

Count VIII. Authority to Order Disputed Work

North Star requested a contracting officer final decision regarding the 801 Project Manager's authority to order work that North Star contends is not contractually required. The contracting officer final decision determined that the contracting officer representative does not possess authority to perform either pre- or final inspections that identify the work requirements. This authority is solely possessed by the Housing Office as part of day-to-day operations. This contracting officer final decision relates to complaint 02-1632, paragraphs 38-47 (wrongful failure to authorize occupant caused damage), 56-57 (work authorizations not based on maintenance identified at the pre-termination and termination inspections), and 63 (wrongful rejection of North Star's maintenance on units); and complaint 98-168, paragraph 49(c) (bad faith in determination of responsibility for occupant damaged floor coverings).

Count VII. List of Repair Costs, Count IX. Gutter Downspout Repairs in Unit 638, and Count XI. Countertop and Carpet in Unit 961

In response to these three requests by North Star for contracting officer final decisions, the contracting officer stated that each request "directly and unavoidably involves allegations pending before the Court of Federal Claims" and that the contracting officer therefore did not possess the authority to respond. The allegations in these counts are the same as the allegations presented in the first two complaints. These counts, and the contracting officer final decisions which they appeal, relate to the previous complaints as follows: 961 Carpet and Countertop, relates to complaint 02-1632C, paragraphs 38-47 and to complaint 98-168C, paragraph 49(c);

638 Gutter Downspout, relates to complaint 02-1632C, paragraphs 38-47; and List of Repair Costs, relates to complaint 02-1632C, paragraphs 48-52, 86.

Count X. Repainting of Unit 961 and Use of Black Light to Inspect Painting

This contracting officer final decision directed North Star to perform additional painting of the upstairs bathrooms after the maintenance was completed in unit 961. The visual inspection revealed that the paint applied did not cover an apparent sheetrock repair. The black light inspection showed that the painting was not sufficient to cover the chemicals used by the cleaning contractor in cleaning the walls, and that other defects were present. This count, and the contracting officer final decision it appeals, relates to complaint 02-1632, paragraph 63 (wrongful rejection of North Star's maintenance on units).

XII. Cleaning of Units

The contracting officer final decision regarding Cleaning of Units interprets the lease to permit the Government to issue units to North Star for cleaning. Historically, the Government has had a separate contractor perform the cleaning, but section G.3(c) of the Lease maintenance annex provides for North Star to provide this service if requested by the Army. This count, and the contracting officer final decision it appeals, relates to count III (Turnaround Time for Units as a Result of Change of Occupancy) in complaint 98-168, and the allegations in paragraphs 50-52 in complaint 02-1632 (unilateral removal of items from the list of repair costs and requirement for subcontractor invoices as condition of reimbursement).

II. This Case Should Be Stayed

This case should be stayed to protect the integrity of the criminal investigation of North Star. Pursuant to the necessity of protecting the integrity of that criminal investigation, this Court has previously stayed case no. 98-168C and case no. 02-1632C. In support of this request ,

we submit for the Court's in camera consideration the declaration of the Assistant United States Attorney who is conducting this investigation.

The declaration reports that the criminal investigation of North Star is being pursued by the Assistant United States Attorney, with a grand jury. See Affidavit of Crandon Randell, January 8, 2004 at ¶¶ 4-5. As discussed above, this case, No. 03-2699, pertains to the lease agreement that is the subject of case No. 98-168C and case No. 02-1632C. See Affidavit of Crandon Randell, January 8, 2004 at ¶¶ 6-7. Thus, witnesses and documents who would appear, or be relevant to, these cases are involved in the investigation. See Affidavit of Crandon Randell, January 8, 2004 at ¶ 8. The grand jury investigation may make these witnesses and documents effectively inaccessible in pursuing the claims and defenses involved in the civil litigation. See Affidavit of Crandon Randell, January 8, 2004 at ¶ 9. Additionally, the integrity of the criminal investigation cannot be protected if discovery in the civil litigation proceeds concurrently. See Affidavit of Crandon Randell, January 8, 2004 at ¶ 10.

## CONCLUSION

Based upon the related allegations presented in North Star's complaints, some of which are identical, we respectfully request that the Court stay proceedings in case No. 03-2699C to protect the integrity of the criminal investigation of North Star as identified in the supporting affidavit submitted in camera with this motion.

Respectfully submitted,

PETER D.KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7561

Attorneys for the Defendant

OF COUNSEL:

ANNE NELSON ROTH
Assistant District Counsel
United States Army Corps of Engineers
Alaska District

January 16, 2004

<u>Certificate of Filing</u>

I hereby certify that on January 16, 2004 a copy of foregoing “DEFENDANT'S MOTION TO STAY PROCEEDINGS AND IN CAMERA SUBMISSION OF SUPPORTING AFFIDAVIT” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Donald E. Kinner