IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NORTH STAR ALASKA HOUSING CORP., Plaintiff, | No. 03-2699C |
| v. | (Judge Allegra) |
| THE UNITED STATES, Defendant. | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 that plaintiff is "an Alaska corporation with its principal offices at 937 Harvard Avenue East, Seattle, Washington 98012" for lack of knowledge or information sufficient to form a belief as to their truth. Admits the remainder of the allegations contained in paragraph 2.

3. Admits.

4. Admits the allegations contained in the first sentence of paragraph 4 to the extent supported by the lease cited, which is the best evidence of its contents. Admits the allegations contained in the second sentence of paragraph 4 to the extent supported by the statute cited, which is the best evidence of its contents.

5. The allegations contained in paragraph 5 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute plaintiff's characterization of its case and of the relief that it seeks, to which no answer is required.

7. The allegations contained in paragraph 7 constitute conclusions of law, to which no answer is required.

8. Admits the allegations contained in paragraph 8 to the extent supported by the Request for Proposals cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in the first sentence of paragraph 9 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 9. Admits the allegations contained in the second sentence of paragraph 9 to the extent supported by the contract award cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 9. Admits the allegations contained in the third sentence of paragraph 9 (including its sub-parts) to the extent supported by the contract documents cited, which are the best evidence of its

contents; otherwise denies the allegations contained in the third sentence of paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 10. The allegations contained in the last sentence of paragraph 10 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. Admits.

12. The allegations contained in paragraph 12 constitute plaintiff's characterization of its case, to which no answer is required.

13. The allegations contained in paragraph 13 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

15. Admits the allegations contained in the first two sentences of paragraph 15 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise

denies the allegations contained in the first two sentences of paragraph 15. Admits the allegations contained in the last sentence of paragraph 15.

16. Admits the allegations contained in the first two sentences of paragraph 16 to the extent supported by the lease maintenance annex cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first two sentences of paragraph 16. Denies the allegations contained in the last sentence of paragraph 16.

17. Admits the allegations contained in the first sentences of paragraph 17 to the extent supported by the request cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 17. Denies the allegations contained in the last sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Admits the allegations contained in paragraph 18 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits.

21. Admits that the Government directed the interior painting of Unit 704; the remaining allegations contained in paragraph 21 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

22. Admits that plaintiff painted Unit 704 and requested a contracting officer's decision concerning that work; the remaining allegations contained in paragraph 22 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

23. Admits the allegations contained in paragraph 23 to the extent supported by the writing cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the lease cited, which is the best evidence of its contents and of its anniversary date; otherwise denies the allegations contained in paragraph 24.

25. The allegations contained in paragraph 25 constitute conclusions of law and plaintiff's characterization of its case,

to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

27. Admits the allegations contained in paragraph 27 to the extent supported by the request cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. Admits.

30. The allegations contained in paragraph 30 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

31. Admits that plaintiff replaced the carpet and laundry room vinyl in Unit 833; the remaining allegations contained in paragraph 31 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To

the extent they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 constitute plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 constitute plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

34. Denies the allegations contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35. The allegations contained in paragraph 35 constitute plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

36. Denies.

37. Admits the allegations contained in paragraph 37 to the extent supported by the request cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. Admits the allegations contained in paragraph 38 to the extent supported by the decision cited, which is the best

evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. Admits that the light fixtures required replacement due to occupant damage and that plaintiff billed the Government $189.50; otherwise denies the allegations contained in paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth.

40. Admits the allegations contained in the first sentence of paragraph 40. The allegations contained in the second sentence of paragraph 40 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. Admits the allegations contained in paragraph 41 to the extent supported by the request cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. Admits that the Government directed replacement of vinyl in the master bathroom and upstairs hall bathroom in Unit 1090. Denies that the Government directed replacement of vinyl

in the master bathroom and upstairs hall bathroom in Unit 1111. Denies the remaining allegations contained in paragraph 43 for lack of knowledge or information sufficient to form a belief as to their truth.

44. Admits the allegations contained in paragraph 44 to the extent that the lease limits the Government inspector's responsibility to noting occupant damage not fair wear and tear. Avers that the Government Quality Assurance Inspector inspects the quarters after the occupant departs to note all fair wear and tear as well as occupant damage.

45. Admits the allegations contained in paragraph 39 regarding the contents of the lease to the extent supported by the lease cited, which is the best evidence of its contents; otherwise, the allegations contained in paragraph 45 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

46. Admits that the Government directed replacement of vinyl in the master bathroom and upstairs hall bathroom in Unit 1090, and that plaintiff replaced the vinyl in Units 1090 and 1111 and requested a contracting officer's decision concerning that work. The remaining allegations contained in paragraph 46 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

47. Admits the allegations contained in paragraph 47 to the extent supported by the request cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 47.

48. Admits the allegations contained in paragraph 48 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 48.

49. Admits that the Government directed replacement of all of the vinyl flooring in Unit 633 due to normal wear and tear. The remaining allegations contained in paragraph 49 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

50. Admits the allegations contained in the first sentence of paragraph 50 regarding the contents of the lease to the extent supported by the lease cited, which is the best evidence of its contents; otherwise, the allegations contained in the first sentence of paragraph 50 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 50 to the extent supported by the manufacturer's instructions cited, which are the best evidence of their contents; otherwise denies the allegations

contained in the second sentence of paragraph 50. The allegations contained in the third sentence of paragraph 50 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

51. Admits the allegations contained in paragraph 51 to the extent supported by the request cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51.

52. Admits the allegations contained in paragraph 52 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 52.

53. Admits the allegations contained in the first sentence of paragraph 53 to the extent supported by the lease, submission, and response cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 53. The allegations contained in the second sentence of paragraph 53 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. Admits that the Government did not approve the List of Repair Costs as submitted by plaintiff and is therefore requiring

invoices for items that are not in the approved List of Repair Costs; otherwise denies the allegations contained in paragraph 54.

55. Admits that the Government did not issue a contarctring officer's final decision on plaintiff's claim regarding the 29003 List of Repair Costs.

56. Admits the allegations contained in the first sentence of paragraph 56 regarding the contents of the lease to the extent supported by the lease cited, which is the best evidence of its contents; otherwise, the allegations contained in the first sentence of paragraph 56 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the second sentence of paragraph 56 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57. Admits the allegations contained in paragraph 57 to the extent supported by the request cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 57.

58. Admits the allegations contained in paragraph 58 to the extent supported by the letter cited, which is the best evidence

of its contents; otherwise denies the allegations contained in paragraph 58.

59. The allegations contained in the first sentence of paragraph 59 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 59 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 59.

60. Admits the allegations contained in paragraph 60 regarding the contents of the lease and memorandum to the extent supported by the lease and memorandum cited, which are the best evidence of their contents. Otherwise, the allegations contained in the first sentence of paragraph 60 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

61. Admits the allegations contained in paragraph 61 to the extent supported by the request cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 61.

62. Admits the allegations contained in paragraph 62 to the extent supported by the decision cited, which is the best

evidence of its contents; otherwise denies the allegations contained in paragraph 62.

63. Denies the allegations contained in the first sentence of paragraph 63. Admits the allegations contained in the second sentence of paragraph 63 to the extent supported by the writing and response cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 63.

64. Denies the allegations contained in the first sentence of paragraph 64. The allegations contained in the second sentence of paragraph 64 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

65. Admits the allegations contained in paragraph 65 to the extent supported by the request cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 65.

66. Admits the allegations contained in paragraph 66 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 66.

67. Admits the allegations contained in the first two sentences of paragraph 67 to the extent supported by the list cited, which is the best evidence of its contents; otherwise

denies the allegations contained in the first two sentences of paragraph 67. Denies the allegations contained in the last sentence of paragraph 67 for lack of knowledge or information sufficient to form a belief as to their truth.

68. Admits the allegations contained in paragraph 68 regarding the contents of Section E of the lease to the extent supported by the lease cited, which is the best evidence of its contents; otherwise the allegations contained in paragraph 68 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

69. Admits.

70. Admits the allegations contained in paragraph 70 to the extent supported by the request cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 70.

71. Admits the allegations contained in paragraph 71 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 71.

72. Admits the allegations contained in the first, second, and last sentences of paragraph 72 to the extent supported by the list cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first, second, and last

sentences of paragraph 72. Denies the allegations contained in the third sentence of paragraph 72 for lack of knowledge or information sufficient to form a belief as to their truth.

73. Admits the allegations contained in paragraph 73 to the extent supported by the writing, request, and declination cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 73.

74. Admits the allegations contained in paragraph 74 regarding the contents of Section E of the lease to the extent supported by the lease cited, which is the best evidence of its contents; otherwise the allegations contained in paragraph 74 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

75. Admits the allegations contained in paragraph 75 to the extent supported by the request cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 75.

76. Admits the allegations contained in paragraph 76 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 76.

77. Admits.

78. The allegations contained in the first sentence of paragraph 78 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 78. The allegation in the last sentence of paragraph is legally inadmissable, to which no answer is required; to the extent this allegation may be deemed an admissible allegation of fact, we admit that one position of the Army during lengthy negotiations included an offer for North Star to assume cleaning the Birchwood units.

79. Denies the allegations contained in the first two clauses of the first sentence of paragraph 79 for lack of knowledge or information sufficient to form a belief as to their truth; admits the remaining allegations contained in paragraph 79.

80. Admits the allegations contained in paragraph 80 to the extent supported by the request cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 80.

81. Admits the allegations contained in paragraph 81 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 81.

82. Defendant's responses to paragraphs 1 through 81 of the complaint are incorporated by reference.

83. The allegations contained in paragraph 83 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

84. The allegations contained in paragraph 84 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

85. Defendant's responses to paragraphs 1 through 84 of the complaint are incorporated by reference.

86. The allegations contained in paragraph 86 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

87. The allegations contained in paragraph 87 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

88. The allegations contained in paragraph 88 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

89. Defendant's responses to paragraphs 1 through 88 of the complaint are incorporated by reference.

90. The allegations contained in paragraph 90 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

91. Denies that plaintiff is entitled to the relief requested in paragraph 91.

92. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 91, or to any relief whatsoever.

93. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7644

Attorneys for Defendant

OF COUNSEL
WILLIAM. M. EDWARDS
Assistant District Counsel
United States Army Corps of Engineers
Alaska District

August ___, 2004

Certificate of Filing

I hereby certify that on August 6, 2004, a copy of the foregoing Defendant's Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Donald E. Kinner