IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTH STAR ALASKA HOUSING CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Nos. 98-168C, 02-1632C, |
| v. | ) | 03-2699C |
| | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO STOP THE GOVERNMENT'S DESTRUCTION OF DOCUMENTS

On August 19, 2004, plaintiff, North Star Alaska Housing Corp., requested that the Court stop what North Star claimed was the Government's "apparent actions to destroy documents" relevant to this case. North Star claimed that its office administrator, Deb Reese, witnessed the destruction of documents by "a tall woman with blonde hair" using a paper shredder on August 17, 2004, at approximately 4:30 p.m., at Government offices at Fort Wainwright, Alaska. North Star, however, did not support its claims with any sworn statement.

We deny North Star's claims. The declaration of Stacey Andreasen, which accompanies this response, establishes that what North Star claims was witnessed on August 17 was actually the photocopying of documents - not their destruction. The declaration of Ms. Andreasen further establishes that she never even witnessed any paper shredding in the Birchwood office.

In addition, the declaration of Rodney Everett, which also accompanies this response, establishes that, although there is a

paper shredder in the room in which North Star claims document destruction occurred, that shredder and the photocopier that Mr. Everett and Ms. Andreasen were using are located in different parts of the room. Moreover, Mr. Everett's declaration establishes that Ms. Reese is familiar with the location of that shredder.

Furthermore, Rule 7(b)(1) of the Rules of the United States Court of Federal Claims provides that "[a]ny motion . . . may be accompanied by a brief or memorandum, and, if necessary, by supporting affidavits attached to the motion." Although the rule does not define a type of motion that must be supported with an affidavit, North Star's motion is one that should have been supported with an affidavit or other sworn statement. With no sworn statement to support them, North Star's claims of document destruction are baseless, and are merely the representations of North Star's counsel. Cf. Estee Lauder, Inc. v. L'oreal S.A., 129 F.3d 588, 595 (Fed. Cir. 1997) ("arguments of counsel cannot take the place of evidence lacking in the record"); In re Budge Mfg. Co., 857 F.2d 773, 776 (Fed. Cir. 1988) (observing that "no evidence [was] submitted on the point Budge seeks to make, only statements of Budge's attorney . . .").

For the foregoing reasons, we request that the Court deny North Star's August 19, 2004 motion. Pursuant to the notice provided in the Court's August 20, 2004 order that "[t]he response filed in this case shall be deemed responsive to similar motions filed in Nos. 98-168 and 02-1632," we are filing our

response to North Star's motion in this case only.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7644

OF COUNSEL
WILLIAM. M. EDWARDS
Assistant District Counsel
United States Army Corps of Engineers
Alaska District

August 25, 2004

Attorneys for Defendant

Certificate of Filing

I hereby certify that on August 25, 2004, a copy of the foregoing Defendant's Response To Plaintiff's Emergency Motion to Stop the Government's Destruction of Documents was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Donald E. Kinner